I respectfully dissent from the majority opinion in this case, and assign the following reasons therefor, to-wit:
1. Plaintiff was employed by the day. The weather (July 30th) was hot, as is usually the case. He quit work at near midday, assigning as reason therefor that it was too hot for him to continue work. To my way of thinking this action terminated his employment with the defendant. The fact that he remained about the scene of the work for the balance of the day and made no further attempt to work, clearly reflects his determination to no longer work for defendant on this job. The record is void of anything to indicate that he intended to return to the work the next day, which most likely would have been as hot as the day on which he was injured.
2. Even though it be conceded that under the contract of employment between defendant and his employees, including the plaintiff, defendant was obligated to transport them to and from the scene of their work, it does not follow that this obligation was applicable to any workman who, without good reason, after beginning work, announced his determination to quit and followed this announcement by quitting. From that time on the entire relationship between plaintiff and defendant ceased and it was not renewed. *Page 487